**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                                        :
RAYMOND THOMAS OTT,                     :   CIVIL ACTION NO. 08-5508 (MLC)
                                        :
      Plaintiff,                        :   MEMORANDUM OPINION
                                        :
      v.                                :
                                        :
HONORABLE JUDGE EDWARD H.               :
HERMAN, et al.,                         :
                                        :
      Defendants.                       :
                                        :
```

**RAYMOND THOMAS OTT** filed on November 6, 2008, a document ("Document") entitled:

> Notice of Removal
> State of New Jersey v. Raymond Ott
> Summons Nos. WM-2006-114 to 119.

(Dkt. entry no. 1, Rmv. Not. at 1.) Ott asserts therein that he is "fil[ing] a notice of removal", and "removing a serious criminal complaint(s) of unknown charges and unknown nature(s); that they be brought into the light for federal judicial review". (Id.) Ott also refers to himself as the "defendant". (Id. at 1-5.) The docket lists the Document as a "complaint", but it is a Notice of Removal. See Williams v. Rivera, No. 06-5539, 2007 WL 608973, at *1 (D.N.J. Feb. 23, 2007) (determining party's intent was to file notice of removal because, inter alia, main document entitled "Notice of Removal").

**OTT** — although annexing no relevant document to the Notice of Removal — seeks to remove a municipal-court proceeding ("Municipal Proceeding") concerning charges brought against him. (Id. at 2-

6.) He alleges that his constitutional rights have been violated (id. at 1), and alleges:

> There have been multiple instances of the violation of defendant's constitutionally guaranteed due process rights enumerated in the 4th and the 14th Amendments.
>
> Defendant has been denied his equal and special protections as guaranteed by the 14[th] Amendment.
>
> Defendant has been denied a fair, speedy, and impartial trial as guaranteed in the 6th Amendment.
>
> Although the two cases are separate, Civil Action Case No. 08-1532 . . . which is a civil case but was prosecuted like a criminal case in the Superior Court of New Jersey . . . and the other a criminal case in the . . . Municipal Court, the cases have one major common thread, it is the **recurring pattern of ongoing racketeering by [certain] attorneys**.
>
> [A certain attorney] **wrongfully profiled defendant Raymond Thomas Ott** in Docket No. Mer-L-523-05, Civil Action, March 1, 2005, Verified Complaint.
>
> [A second certain attorney] wrongfully profiled Raymond Thomas Ott in correspondence to [a certain judge] and in a courtroom appearance before [a second certain judge], January 18, 2008.
>
> Wrongful profiling by [certain] attorneys created built-in bias in the courts.
>
> [A third certain judge] and the Department of Consumer Affairs cannot account for the alleged false charges and their subsequent individual and combined actions.
>
> Defendant Ott is being required to prove his innocence without specific charges being made upon him based upon facts not allegations.
>
> . . .
>
> The court treated defendant different.

(Id. at 4-6.) The "civil case" is Caterpillar Financial Services Corporation v. Green Diamond Nurseries, Inc., which (1) Ott

2

removed from state court, and (2) has been remanded.  See No. 08-1532, dkt. entry no. 24, 4-13-09 Order & J.

**OTT** may remove the Municipal Proceeding if he "is denied or cannot enforce in the [state] courts . . . a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof".  28 U.S.C. § 1443(1); see 28 U.S.C. § 1446 (establishing procedure for — but not authorizing right to — removal).  But "it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality".  Johnson v. Mississippi, 421 U.S. 213, 219 (1975) (cite and quotes omitted).  Thus, "[c]laims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice".  Id.[1]

**OTT** does not allege that any of the purported violations of his constitutional rights concern race or racial equality, and thus 28 U.S.C. § 1443(1) provides no basis for removal here.  See Pennsylvania v. Arsad, No. 08-701, 2008 WL 5381378, at *1-*2 (E.D. Pa. Dec. 23, 2008) (remanding proceeding where defendant removed

---

[1] Other provisions for the removal of a criminal proceeding — 28 U.S.C. § 1442 (concerning federal officers or agents), 28 U.S.C. § 1442a (concerning the armed forces), and 28 U.S.C. § 1443(2) (concerning federal officers or agents, or those acting with or for them) — do not apply here.

3

due to "bias, impropriety, vindictive [conduct], and obstreperous vexatious actions"); Pennsylvania v. Plummer, No. 08-1705, 2008 WL 5262794, at *1 (W.D. Pa. Dec. 17, 2008) (remanding proceeding where defendant alleged judge was complainant's friend, would fabricate evidence without federal-court intervention, and directed his arrest); Pennsylvania v. Lucabaugh, No. 04-3400, 2004 WL 2624740, at *1-*3 (E.D. Pa. Nov. 18, 2004) (remanding where defendant alleged (1) he was arrested and incarcerated, (2) state court ignored his rights and disposed of filings without a hearing, and (3) judge was biased, corrupt, and commingled with prosecutor); Pennsylvania v. Branch, No. 99-301, 1999 WL 562764, at *1 (E.D. Pa. July 23, 1999) (remanding where defendant alleged denial of speedy-trial right, as racial equality not implicated); Pennsylvania v. Holbrook, No. 96-140, 1996 WL 195389, at *1 (E.D. Pa. Apr. 19, 1996) (remanding where defendant alleged violation of rights concerning bail, indictment, probable cause, and searches and seizures, as none were couched in racial-equality terms); see also Pennsylvania v. Mu-El, No. 08-639, 2008 WL 5146604, at *1 (E.D. Pa. Dec. 5, 2008) (remanding where defendant not claiming denial of right related to racial equality).

**OTT** also failed to annex to the Notice of Removal the requisite copies of process, the pleadings, or other papers connected to the Municipal Proceeding.  See 28 U.S.C. § 1446(a). It also appears that the removal was untimely, as Ott was aware

4

of the charges between July 14, 2008, and August 26, 2008 (see Rmv. Not. at 2-4), and did not file the Notice of Removal until November 6, 2008. See 28 U.S.C. § 1446(c)(1) (stating notice of removal to be filed within thirty days).

**THE COURT** will summarily remand for Ott's failure to assert a proper basis for removal. See 28 U.S.C. § 1446(c)(4) (authorizing same). In the alternative, the Court notes that the removal was procedurally improper and untimely.[2]

**OTT** may be seeking to assert separate civil claims ("Civil Claims"), but he cannot remove the Municipal Proceeding in order to "use it as a means to file a new civil action". Delaware v. McIntyre, No. 09-144, 2009 WL 723119, at *2 (D. Del. Mar. 18, 2009) (remanding criminal proceeding where defendant sought relief for constitutional violation); Pennsylvania v. Carter, No. 89-8065, 1990 WL 4456, at *1 (E.D. Pa. Jan. 17, 1990) (remanding criminal proceeding, and noting defendant's request in notice of removal for affirmative relief for constitutional violations was

---

[2] See Juidice v. Vail, 430 U.S. 327, 335-36 (1977) (stating — as to quasi-criminal state-court contempt proceeding — federalism and comity caution against "federal-court interference", as it would (1) be "an offense to the State's interest . . . likely to be every bit as great as it would be were this a criminal proceeding", (2) "unduly interfere[] with the legitimate activities of the State", and (3) "readily be interpreted as reflecting negatively upon the state courts' ability to enforce constitutional principles" (cites and quotes omitted)); Younger v. Harris, 401 U.S. 37, 43-45 (1971) (stating federal court may not interfere with pending state criminal proceeding).

5

barred). Ott may assert the Civil Claims anew in federal court, but he must do so (1) under a new docket number and pay the fee, and (2) in a complaint that complies with the Federal Rules of Civil Procedure. See Fed.R.Civ.P. 8(a) (mandating complaint contain short and plain statements of jurisdictional grounds and entitlement to relief), 8(d)(1) (requiring allegations be simple, concise, and direct), 10 (requiring proper caption and claims be stated in separate numbered paragraphs). But any Civil Claims, even if properly presented, will still be subject to review for sua sponte dismissal by the Court, and thus it is not guaranteed that any Civil Claims would proceed. See Fed.R.Civ.P. 12(h)(3) (instructing court to dismiss complaint if subject-matter jurisdiction lacking).

**THE COURT** will issue an appropriate Order and Judgment.[3]

                                                 s/ Mary L. Cooper
                                                 **MARY L. COOPER**
                                                 United States District Judge

**Dated:** April 13, 2009

---

[3] The Court will remand the Municipal Proceeding to Cranbury Township Municipal Court. The Municipal Proceeding may have been transferred elsewhere. (See Rmv. Not. at 5.) The Court assumes that Cranbury Township Municipal Court will notify the proper court if necessary.